# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE CONGREGATION OF BETH ISRAEL OF MAHANOY CITY, PA, | :<br>:<br>: |
| Plaintiff, | : |
| v. | :    3:16-cv-1671<br>:    (JUDGE MARIANI) |
| CONGREGATION EITZ CHAYIM OF DOGWOOD PARK, | :<br>: |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is a Motion to Remand the above captioned matter which was previously removed to this Court from the Court of Common Pleas of Schuylkill County, Pennsylvania. For the reasons that follow, this Court will grant the Motion to Remand.

### II. PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

This action arises from a dispute over a number of stained glass windows. According to the Complaint, Plaintiff, Beth Israel Congregation, is a nonprofit corporation originally incorporated in 1903 by a number of Jewish Families located in Mahanoy City, Pennsylvania, and the surrounding area. (Doc. 1-6 at ¶¶ 2, 9). The stained glass windows at the heart of this case were originally installed in a synagogue built by Plaintiff in 1923 and located in Mahanoy City. (*Id.* at ¶¶ 10-11). In the 1990s, the synagogue ceased being used as an active place of worship, but the nonprofit continued to be operated by several

decedents of those interred in a nearby cemetery which was also owned by Plaintiff. (*Id.* at ¶¶ 12-13). In 2006, Defendant, Eitz Chayim Congregation, another nonprofit corporation, visited Mahanoy City and, pursuant to an oral contract, took possession of some pews and prayer books located in the synagogue. (*Id.* at ¶¶ 3, 14). Then, in 2010, Defendant allegedly returned and, without permission, took all of the Mahanoy City synagogue's stained glass windows. (*Id.* at ¶ 15). At least some of the windows were then installed in Defendant's synagogue in Long Island, New York. (*Id.* at ¶ 18).

Plaintiff subsequently filed a praceipe in the Court of Common Pleas of Schuylkill County, Pennsylvania, on August 11, 2015. (Doc. 1 at ¶ 1). Plaintiff filed a Complaint exactly one year later. (Doc. 1 at ¶ 7). The Complaint contained the following state law claims against Defendant: conversion (Count I), conspiracy to defraud (Count II), replevin (Count III), breach of oral contract (Count IV), and unjust enrichment (Count V). (Doc. 1-6). Each count seeks damages "in the sum of $75,000.00, with interest from January 31, 2010, and costs; or in the alternative, an Order requiring the Defendant, Eitz Chayim Congregation, at its expense, to remove the Windows from its synagogue and to return all of the Windows to Beth Israel Congregation." (*Id.*). Moreover, Counts II-V are expressly pleaded in the alternative. (*Id.* at ¶¶ 30, 38, 47, 51).

On the same day Plaintiff filed its Complaint in state court, Defendant filed their Notice of Removal, (Doc. 1), based on the diverse citizenship of the parties. With respect to the amount in controversy requirement, the Notice states that "[t]he Complaint estimates

2

that the damages are $75,000, but the Complaint also states that the amount is subject to discovery and the Complaint also seeks the return of the windows, and the preponderance of the evidence demonstrates that the matter in controversy exceeds $75,000, exclusive of interests and costs." (*Id.* at ¶ 14). The Notice further alleges that Plaintiff had previously asserted that the windows are worth more than $100,000 in its communication with Defendant and that Plaintiff hired an appraiser who valued the windows at $192,500. (*Id.* at ¶ 15). Finally, the Notice stated that because each Count seeks $75,000, the aggregation of the claims exceed $75,000. (*Id.* at ¶ 16).

On September 16, 2016, Plaintiff filed the Motion to Remand that is presently before this Court and asserted that removal was improper because this Court lacks original jurisdiction over the matter. (Doc. 11).

### III. ANALYSIS

Section 1441 of Title 28 of the United States Code provides, in part, that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). One jurisdictional basis on which a civil action may properly be removed to federal court is "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

In the case at hand, there is no dispute that the parties are citizens of different states. (Doc. 12 at 4). Thus, the only issue before this Court is whether the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." On that point, the procedure for removal provides, in relevant part, that

> **(2)** If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
> **(i)** nonmonetary relief; or
> **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c). Further, "[i]t is now settled in this [circuit] that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

As an initial matter, the Court is satisfied that the sum demanded in Plaintiff's Complaint cannot be deemed the amount in controversy under section 1446(c)(2). First, the Complaint alternatively demands nonmonetary relief in the form of the return of the stained glass windows. Second, Pennsylvania does not allow a demand for a specific sum of money in cases of unliquidated damages. *See* Pa. R. Civ. P. 1021(b) ("Any pleading

4

demanding relief for unliquidated damages shall not claim any specific sum."). Thus, this case falls within both the statutory exceptions which allow a defendant to assert the amount in controversy in its notice of removal. 28 U.S.C. § 1446(c)(2)(A)(i)-(ii). Accordingly, it now falls to Defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *Frederico*, 507 F.3d at 193.

When a plaintiff challenges the amount in controversy asserted by the defendant in a notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). In determining whether the claim has met the amount in controversy requirement, "estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004). "The court must measure the amount 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

In an effort to meet its burden, Defendant has submitted an appraisal report which values the stained glass windows at $192,500. (Doc. 27 at 7). Defendant argues that the report "clearly satisfies the applicable preponderance of the evidence standard." (Doc. 26 at

5

11). Upon close inspection of the report, however, the Court has significant reservations about assigning it much weight. The report itself, which was commissioned by Plaintiff before litigation began, identifies several "limiting conditions." (Doc. 27 at 6). Specifically, the report notes that

> An extraordinary assumption was used in the analysis, research, and determination that the removed and appropriated stained glass windows were identified correctly.
>
> No personal or physical inspection prohibited an accurate description of condition of the personalty. An extraordinary assumption was made that since the windows have potentially been reused, they are in good condition.
>
> No onsite visit prevented the accurate measurement of the windows. An extraordinary assumption of measurement was made from existing photographs. Measurements were calculated from brick/mortar counts and objects-of-known-size represented in the photographs.

(*Id.*). Indeed, elsewhere in the report the appraiser noted that she had "not personally or physically inspected or recorded the listed personal property," and that the "appraisal [was] produced using past and present black/white photographs, color photographs, and Google Maps." (*Id.* at 4).

Further, the appraiser was unsure of how many windows were at issue, noting that "[t]here were between fifteen (15) and twenty-one (21) windows installed at Beth Israel Congregation." (*Id.* at 9). Further, the report states that "only . . . eight (8) windows . . . have been installed at Congregation Eitz Chayim" and that "[t]he location of the remaining seven (7) to thirteen (13) windows is unknown." (*Id.*). The appraised value of $192,500, however, is based on the aggregated value of twenty-one windows. (*Id.* at 10-12).

6

Given these limitations and the "extraordinary assumptions" made in the formulation of the appraisal, the Court cannot say that this report shows by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1] While it may be that the stained glass windows in question do have an aggregate value that exceeds $75,000, Defendant has simply not provided the Court with enough credible evidence to allow the Court to make such a determination by a preponderance of the evidence. As the Third Circuit has noted "in order to carry out the Congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor of remand." *Samuel-Bassett*, 357 F.3d at 403. Here, the Court finds that Defendant failed to show that the value of the stained glass windows in question exceed $75,000.

Nevertheless, Defendant argues that alternatively this Court can find that the amount in controversy exceeds $75,000 on the basis of statements made in Plaintiff's Complaint. (Doc. 26 at 2-3, 9-10). Specifically, Defendant points to paragraph twenty-one in Plaintiff's Complaint which states that Plaintiff "has suffered a loss estimated at $75,000.00, the exact amount of which will be determined through the course of discovery, as the Windows are not available for inspection at this time." (Doc. 1-6 at ¶ 21). According to Defendant, this is evidence that Plaintiff clearly has not limited its Complaint to $75,000. (Doc. 26 at 9-10). This point, however, does not advance Defendant's position. As discussed above, because

---

[1] The Court, of course, is in no way implying that this reflects poorly on the abilities of the appraiser. Indeed, the appraiser had to value the property at issue without any physical inspection and necessarily made several assumptions. Moreover, she was candid about these limitations in her report.

Pennsylvania Rule of Civil Procedure 1021(b) prohibits Plaintiff from pleading a specific sum when seeking relief for unliquidated damages, Defendant was entitled to plead the amount in controversy in its Notice of Removal. 28 U.S.C. § 1446(c)(2)(A). However, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) . . . when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554. Thus, even assuming that Plaintiff's Complaint does not limit its damages to $75,000, that fact alone cannot carry the day.

Upon a close reading of Plaintiff's Complaint, no statement contained therein values the case in excess of $75,000.[2] Thus, Plaintiff has made no admission that the amount in controversy exceeds the statutory requirement. Accordingly, even if it is true that Plaintiff did not cap its damages at $75,000, it is still Defendant's burden under section 1446(c)(2)(B) to establish damages by a preponderance of the evidence. Because Defendant has not done so here, the Court will grant Plaintiff's Motion to Remand.

## IV. CONCLUSION

For the reasons outlined above, this Court will grant Plaintiff's Motion to Remand, (Doc. 11). A separate Order follows.

---

[2] The Notice of Removal states that each of the five counts individually seeks damages of $75,000 and therefore the total amount in controversy exceeds $75,000. (Doc. 1 at ¶ 16). Defendant, however, does not raise this argument again in its brief. Nevertheless, because Counts II-V are expressly pleaded in the alternative, the Court finds this argument, to the extent that it is not waived, lacks merit.

_____
                                                      Robert D. Mariani
                                                      United States District Judge